UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

MARY ZEMAN,

                Plaintiff,

v.

Commissioner of Social Security,

                Defendants.

6:15-cv-151-TC

ORDER

COFFIN, Magistrate Judge:

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income benefits.

Plaintiff asserts disability beginning June 17, 2008, due to symptoms related to ulcerative colitis (status post-total colectomy), psoriatic arthritis, obesity, gastroesophageal reflux disease, osteopenia, and somatoform disease. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled. Plaintiff contends that the ALJ erred in making findings unsupported by substantial evidence and in failing to craft a residual functional capacity finding that clearly conveyed plaintiffs' functional limitations.

Page 1 - ORDER

Plaintiff underwent a total colectomy in 1996 along with an ileoanal anastomosis. As a result she has had ongoing difficulties with her digestive system necessitating a need to use the bathroom several times per day. In 1996, plaintiff reported six to eight bowel movements per day. Tr. 411. By 2008, plaintiff reported five to ten bowel movements per day. Tr. 495.

Plaintiff also undergoes remicade infusions every two months to treat her psoriatic arthritis. The process takes a day.

Among other jobs, plaintiff worked as a real estate appraiser from 2003 to June of 2008, putting in six to ten hours a day five to seven days a week. Tr. 308, 311. Plaintiff also reported working as a secretary in 1997 working eight hours a day five days a week. Tr. 308, 316.

The ALJ determined that among other work limitations, plaintiff would need easy access to a restroom three times in addition to normal scheduled breaks. Tr. 24. In questioning the vocational expert (VE) as to whether plaintiff's limitations would preclude past relevant work, the ALJ posed a hypothetical that included the limitation of "easy access to a restroom, but it would be such that they might only need to go like one or two times, you know maybe three times in an eight day total, just a few times, so but just need to have easy access to the restroom." Tr. 86. The VE testified that such a person could perform work as a real estate appraiser and a secretary. Tr. 86.

The ALJ later changed the restriction to include "six restroom breaks at unscheduled times throughout the eight-hour work day." Tr. 88. The VE asked for clarification as to duration. The ALJ responded five minutes. The VE then stated that such a person could perform no jobs at all. Tr. 88.

The ALJ ultimately determined that plaintiff could perform her past relevant work as a real estate appraiser and secretary as actually and generally performed based on the VE's testimony. Tr.

Page 2 - ORDER

29.

At step four of the sequential analysis, the claimant has the burden to prove that she cannot perform her prior relevant work "either as actually performed or as generally performed in the national economy." Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). Plaintiff argues that the hypothetical posed to the VE in which he opined that the limitations did not preclude plaintiff's past relevant work, did not track the RFC adopted by the ALJ. Although, the ALJ noted, for purposes of the hypothetical requiring six restroom breaks, that such breaks would be outside of scheduled breaks, the same is not true for the three restroom break hypothetical. The ALJ specifically found plaintiff limited to three restroom breaks outside of scheduled breaks.

The Commissioner asserts that the VE must have assumed breaks outside of normally scheduled times because he asked for clarification on the duration of the bathroom breaks. Even if the court were permitted to make such an assumption, it is actually the opposite conclusion that should be drawn since the VE sought clarification only with respect to the hypothetical that expressly included a need for restroom breaks outside of normal scheduled breaks. Nonetheless, the court cannot ascertain from the record whether the VE's testimony appropriately accounted for plaintiff's RFC as determined by the ALJ and thus, the VE's opinion does not provide substantial evidence of plaintiff's ability to perform her past relevant work as generally performed.

The Commissioner also asserts that because plaintiff's need for bathroom breaks remained the same as it did during the time she held the jobs in question, then any error on the part of the ALJ with respect to matching the hypothetical to the RFC is harmless because plaintiff must have actually performed the jobs with such limitation. It is not clear from the record what other limitations in the RFC plaintiff suffered during the time she performed the jobs in question. Moreover, the record did

not establish that plaintiff needed to take five to ten bowel movements during the workday, but only a day. Thus, the court cannot determine whether the error was harmless and a remand is necessary to develop the record regarding whether plaintiff's need for restroom breaks during the workday precluded her from performing her past relevant work as actually performed or as generally performed. Such proceedings can also address the contours of the limitations in the RFC such as the degree of ease of access to a restroom and the duration of such breaks.

## CONCLUSION

For the reasons stated above, the decision of the Commissioner is reversed and remanded for further proceedings.

DATED this  15  day of January 2016.

_____
THOMAS M. COFFIN
United States Magistrate Judge